IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA, a Minnesota Corporation,

    Plaintiff/Counterdefendant,

v.                                                                                            Civ. No. 05-256 JCH/RLP

STEPHEN T. "Bud" RICHARDS, JOHN M.
"Tony" SCHAEFER, and JANE ANN DAY,

    Defendant/Counterclaimants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion for Entry of a Protective/ Confidentiality Order for Confidential Documents. Allianz Life Insurance Company of North America (Allianz) states that some of its documents

> "that may be produced herein include such confidential information as medical/health, financial and personal data (i.e., addresses, telephone numbers and social security numbers) concerning Allianz . . . current and former policyholders, personal, tax and income information as to defendants Stephen T. Richards . . . and Jane Ann Day . . .; medical/health information about Richards, financial or personal data about former Allianz . . . employees or insurance agents; and confidential and proprietary information about Allianz's . . . business.

Motion at 2.

Defendants aggressively oppose this Motion and the form of Confidentiality Order submitted by Allianz, which they contend is overly broad and potentially encompasses every document produced in this action.

Federal Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause." *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).  To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

The court agrees with Allianz that personal information about employees, policyholders and third parties should be kept confidential; the court also agrees with Defendants that the order submitted goes far beyond that goal.  Proprietary information may be subject to a confidentiality order, but Allianz has not submitted any material to the court that would implicate such information.  Further, to the extent that named Defendants do not want their personal information kept confidential that is their right.  In sum, the court declines to blanket all discovery documents with a confidentiality order without a particularized showing of information that is confidential or proprietary.  Therefore the motion is denied without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of a Protective/ Confidentiality Order for Confidential Documents [Doc. 37] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge