IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Plaintiff/Counterdefendant.

v.                                              Cause No. 05cv256 JCH/RLP

STEPHEN T. "BUD" RICHARDS, *et al.*,

    Defendants/Counterclaimants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Schaeffer's Motion to Compel Production of Documents from Plaintiff [Doc. 70]. In support of, and in opposition to, the Motion, the parties have attached their affidavits, e-mails, transcripts of voice mails, discovery requests and objections, and stated their respective positions with a fair amount of acrimony. For example, Allianz counsel insists it produced a proper privilege log for privileged documents; counsel for Schaeffer insists that is not so. Allianz contends Schaeffer's counsel refused to meet and confer in good faith; counsel for Schaeffer contends that he did.

In reviewing the discovery requests and responses thereto, it appears that the responses are calculated to be confusing: first are all the boilerplate objections with no factual bases therefor; then a non-waiver paragraph; and then a statement that some documents that "may" be responsive will be made available at a mutually agreeable time and place. For its part, Allianz argues that Schaeffer continues to request documents that have already been produced in the arbitration and that pertain to claims that are barred

for various reasons.

In his Reply, Schaeffer notes that Allianz removed some objections, produced some documents and amended some of its objections.

The court declines to sift through the myriad requests, objections and affidavits to determine which documents have been produced in response to the requests, which documents may validly be withheld on account of privilege, and which other objections are valid. Instead, the court orders:

1. All documents withheld on the basis of attorney-client privilege or work product immunity shall be listed in chronological order on a privilege log by (a) date, (b) subject matter, (c) privilege/immunity claimed, (d) author, and (e) all recipients.

2. All documents withheld on the basis of any other claimed privilege shall be identified in the same manner as ¶ 1 on a separate log.

3. If a requested document has already been produced, that document shall be identified in an index.

4. Any objection shall state the factual basis therefor. For example, instead of overbroad and unduly burdensome, the responding party shall state why it is overbroad and why it is unduly burdensome.

5. Documents that are to be produced which are responsive to the requests shall be sorted by the request to which it is responsive and made available for inspection and copying within two weeks of this order.

6. The parties shall meet and confer and identify together which documents are being withheld and the reasons therefor. If necessary, a list of those documents and the

objections thereto shall be submitted to the court in a single pleading entitled "Schaeffer's Supplemental Motion to Compel."

7. The parties shall meet and confer, produce documents, and submit the Supplemental Motion to Compel on or before November 10, 2005.

8. A ruling on the pending Motion to Compel [Doc.70] is deferred pending the submission of "Schaeffer's Supplemental Motion to Compel."

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge