IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Plaintiff/Counter-Defendant,

v.                                                               Cause No. Civ. 05-256 JH/RLP

STEPHEN T. "BUD" RICHARDS,
JOHN M. "TONY" SCHAEFER, and
JANE ANN DAY,

    Defendants/Counter-Plaintiffs.

MEMORANDUM OPINION AND ORDER

On October 25, 2005 the court entered its Memorandum Opinion and Order [Doc. 95] and deferred its ruling on Schaeffer's Motion to Compel Production of Documents [Doc. 70]. The opinion requested the parties to meet and confer regarding the requested documents and the specific objections thereto. This was done because the court was unwilling to sift through the myriad requests and objections as presented, primarily because the parties' submissions were unwieldy and confusing. The court requested that the parties confer and *together* submit one document identifying the discovery sought and the specific objection thereto.

The document filed on November 10, "Tony Schaeffer's Supplemental Motion to Compel" [Doc. 96], consists of 13 pages of argument by Schaeffer and a 12-page letter attachment of argument by Allianz. As near as the court can tell, the following categories of documents are at issue: Policyholder complaints; documents related to Richards' commissions or policies; market conduct examinations; miscellaneous RFPs; and documents withheld on the basis of privilege and or immunity. Each is addressed in turn.

Policy Holder Complaints (RFP 67)

Schaefer requested all of Allianz's policyholder complaints from 1988 to the present from policyholders in Texas and New Mexico, and all policies written by Richards. Allianz objects to production because (i) these documents relate to issues already arbitrated by Richards, who lost in that arbitration; (ii) Defendant Schaefer has no standing to assert claims on behalf of Defendant Richards; and (iii) information contained in these documents is confidential: *i.e.,* personal information about employees, policyholders and third parties.

Schaefer counters that Allianz has sued both Richards and Schaefer for defamation in this litigation. The claim of defamation includes the contention that Richards' and Schaefer's statements regarding policyholder complaints were untrue and defamatory. Therefore, he argues, the documents are relevant. Schaefer also contends that Allianz has selectively produced some documents relating to this RFP and therefore has waived any objections.

The court does not understand Schaefer to be asserting a "claim" on behalf of Richards, nor does the court find that selective production outside of the area of privilege and immunity waives any objections. Based on the arguments of the parties, the court finds that the documents in RFP 67 are either relevant or may lead to the discovery of relevant evidence and therefore are to be produced.

Documents related to Richards' commissions or policies (RFPs 71-81)

Allianz reasserts the same objections as it did to RFP 67. It appears that some of these documents have been produced. To the extent not all documents have been produced, Allianz shall produce all remaining documents covered by RFPs 71-81.

Market Conduct Examinations From all 50 States from 1995-2005 (RFP 69)

Schaefer requests "all market conduct examinations of Plaintiff for the years 1995-2005. Allianz resists, claiming the documents are not relevant. Neither party explains what these documents are or what they would show. Schaefer claims they will lead to the discovery of admissible evidence with respect to Schaefer's defense of Allianz' claims against him. The documents requested in RFP 69 shall be produced.

Miscellaneous RFPs

Schaefer has requested documents in RFP 82, 83, 84, and 85, which are statements of payments paid to Richards, cancellation of Richards' policies, payments to Richards and premiums paid on Richards' policies. Allianz does not address these requests. The documents requested in RFPs 82, 83, 84 and 85 shall be produced.

Privileged documents

If the court understands the parties' arguments, Schaefer is objecting to the November 3, 2005 Privilege Log (attached to Doc. 96 as Exhibit B] as untimely; that is, the time for Allianz to have submitted that privilege log was within the time-limit to object to the requests for production to which those documents are responsive. Schaefer also objects to a second November 3, 2005 Privilege Log, "Subset for Common Interest," attached to Doc. 96 as Exhibit C], both for its untimeliness and for the allowance of a common-defense interest. Allianz does not address these arguments.

Requiring production of attorney-client privileged documents is an extreme sanction and there is nothing in the parties' submissions which would warrant that sanction. Because Schaefer has no arguments other than untimeliness, the court finds that the

documents listed in Exhibit B shall not be compelled.

As for Exhibit C, Schaefer requested the court allow additional briefing on the issue of common-defense privilege/immunity. The court will request that the parties submit briefing simultaneously, each brief not to exceed 10 pages, on this issue. To assist the court, Allianz is further requested to attach to its brief a list of the individuals named in this log as to their employment or status (*e.g.*, executive of Allianz, attorney, in-house counsel, etc.).

Allianz made several references to confidentiality in the foregoing discovery requests. Personal information of individuals not involved in this litigation (third parties, policy holders, employees, etc.) shall be subject to a confidentiality order, if required, to be drawn up by the parties.

IT IS THEREFORE ORDERED that Defendant Schaefer's Motion to Compel [Doc. 70] is granted in part and denied in part as stated herein;

IT IS FURTHER ORDERED that the documents responsive to Requests for Production 67, 69, 71-81, 82, 83, 84 & 85 shall be produced within 15 days of entry of this Order; and

IT IS FURTHER ORDERED that the parties' briefing on the issue of common-defense privilege shall be filed on or before **November 30, 2005**.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge