IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

      Plaintiff-Counterdefendant,

v.                              Cause No. Civ. 05-256 JH/RLP

STEPHEN T. "BUD" RICHARDS,
JOHN M. "TONY" SCHAEFER,
JANE ANN DAY,

      Defendants-Counterplaintiffs.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on the parties' supplemental briefing as to whether the "common interest privilege" should apply to a group of documents being withheld from production. Defendant Schaefer earlier filed a motion to compel production [Doc. 91] and Allianz asserted the common interest privilege in its reply brief. The court's order [Doc. 97] requested supplemental briefing on this issue and requested Allianz to identify the individuals listed on its privilege log. The court has now received the parties' supplemental briefing and attachments.

"The party seeking to assert the attorney-client privilege has the burden of establishing its applicability." *In re Grand Jury Subpoenas*, 144 F.3d 653, 658 (10th Cir. 1998). "The privilege is governed by the common law and is to be strictly construed." *Id.* The purpose of the privilege is to protect confidential communications:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the

legal adviser, (8) except the protection be waived.
*United States v. Evans*, 113 F.3d 1457, 1461 (10th Cir. 1997) (quoting 8 John Henry Wigmore, Evidence in Trials at Common Law, § 2292 (John T. McNaughton rev. 1961).

The mere fact that an attorney is involved in the communications does not render the communication subject to the privilege. *United States v. Johnson*, 146 F.3d 785, 793 (10th Cir. 1998), *cert. denied*, 525 U.S. 1088 (1999). The communication must relate to legal advice or strategy sought by the client. *Id.* The so-called "joint defense" privilege is but an extension of the attorney client privilege which prevents a waiver that would ordinarily occur when confidential communications are revealed to third parties.

> The joint defense privilege, more properly identified as the common interest rule, . . . serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel. *Only those communications made in the course of an ongoing enterprise and intended to further the enterprise are protected*.

*Evans*, 113 F.3d at 1466 (internal quotation marks and citations omitted) (emphasis added).

The work product doctrine protects documents prepared by an attorney for the client in anticipation of litigation and the party asserting the doctrine bears the burden of showing the doctrine applies. *In re Grand Jury Proceedings*, 156 F.3d 1038, 1042 (10th Cir. 1998). The common interest rule extends to work product. However, the common interest rule is merely an expansion of attorney-client privilege and work product immunity; it is not a separate privilege. Thus, if the privilege or immunity would not apply to a communication or document, there can be no common interest privilege.

The November 3, 2005  Privilege Log (Subset for Common Interest) submitted to

the court is eight pages long.  None of the individuals listed on that log (authors and recipients) are identified on the log as to their employment or status (*e.g.*, attorney, corporate officer, or the like).  That determination must be made by referring to a 31-page "directory."  The subject matter column contains descriptions of documents, of which the following is representative:  "email forwarding 3/13/00 email from Alan Hudson reporting on Richards' misrepresentations about the Vega Report for purposes of obtaining legal advise concerning same."

The e-mail was authored by Peggy Moon (not an attorney) and sent to Carolyn Smith (not an attorney) and Gerald Kohout (not an attorney) and also copied to Blaine McGuire (not an attorney), Mike Westermeyer (former in-house counsel; unknown whether he was "former" at the time the e-mail was sent), Carol Thomas (not an attorney), and Linda Burn (not an attorney).  Alan Hudson, referred to in the body of the e-mail is not an attorney.

The court has no idea why this communication carries the notation of "attorney-client privilege common interest."  Even if Mr. Westermeyer was in-house counsel at the time the e-mail was sent, he is merely copied on the e-mail; clearly, his legal counsel was not sought by this e-mail.   Moreover, it appears that all of the individuals involved in this email are Allianz employees; how that relates to "common interest" is not explained by Allianz.

The court further agrees with Schaeffer that Allianz never explains how the common interest privilege would attach to the *Letherer* litigation.  Just because Mr. Letherer's counsel decided to share information with Allianz employees does not create a common

interest:  there is simply no showing of an ongoing enterprise and documents exchanged in furtherance of that enterprise.  *Evans*, 113 F.3d at 1466.


        The court finds that Allianz has failed to meet its burden of proof as to the withheld documents on the November 3, 2005 Privilege Log (Subset for Common Interest).  The documents shall be produced.

        IT IS THEREFORE ORDERED that Defendant Schaeffer's Motion to Compel [Doc. 70] is granted.

        IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge