IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE
COMPANY FOR NORTH AMERICA,

    Plaintiff/Counterdefendant,

v.                                                  Civ. No. 05-0256 JH/RLP

STEPHEN T. "BUD" RICHARDS,
JOHN M. "TONY" SCHAEFER, and
JANE ANN DAY,

    Defendants/Counterclaimants.

MEMORANDUM OPINION AND ORDER

The court previously entered its Memorandum Opinion and Order concerning Defendant Schaeffer's Motion to Compel Production of Documents [Doc. 104]. The court was advised by counsel that the opinion did not address the Motion to Compel Answers to Interrogatories, which was part of the original motion to compel. This opinion addresses the objections to interrogatories. If there remain any outstanding discovery issues, previously briefed but not addressed by the court, the parties should file a motion.

The court has reviewed the motion to compel [Doc. 92] and the parties' other submissions in support of or opposition to the motion. As indicated above, the court believes it has addressed everything except the objections to interrogatories and that is all that is addressed in this opinion.

Boilerplate, blanket objections are improper. *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997). A party may not "reserve the right" to supplement its responses: the party has the *obligation* to supplement its responses. Fed.R.Civ.P.

26(e)(2).  If a proper objection is made, the party still has the obligation to answer as much of the interrogatory as it can.  A "proper" objection is one that is tailored to the interrogatory, not a conclusory objection such as overbroad or unduly burdensome which neglects to say why the interrogatory is subject to that objection.  However, making an objection and then responding to the interrogatory waives the objection.  8A C. A. Wright, A. R. Miller, & R. L. Marcus Federal Practice & Procedure § 2173 (2d ed. 1994) Generally referring to documents where the information may be obtained is improper; the responding party must identify such documents precisely or produce them in lieu of a response.  *Starlight Internat'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

Allianz' responses to interrogatories are improper by the foregoing criteria. It appears that two interrogatories were not answered in full or in part:

> Interrogatory No. 9:  For each lawsuit, arbitration and/or administrate proceeding in which Allianz Life was a party from 1995 to the present which involved policy holder complaints or insurance agent complaints against Allianz Life, identify the complaining parties and their attorneys, the general subject matter of each action, the outcome, and state the full case caption verbatim.

Allianz' answer first refers the interrogator to the boilerplate objections.  Then Allianz objects to the interrogatory as vague, ambiguous, overly broad and unduly burdensome.  Allianz did not, however, give a factual basis for any of the foregoing objections and thus they are waived.  The next objection is that the interrogatory seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Apparently, Allianz is of the opinion that if a claim has been or will be arbitrated then it need not respond to the interrogatory.  This is incorrect; without a showing of *why* such

information could not possibly be relevant to the instant litigation, such objections are improper. Finally, Allianz'

objection that the interrogator has no standing to assert certain claims is an improper response to an interrogatory.

Allianz shall answer Interrogatory No. 9 within ten (10) days of entry of this Order.

> Interrogatory No. 10:  For each insurance policy written by Richards, Day or their agency forces which was issued or assumed by Allianz Life, separately:
>
> a. identify the policy holder;
> b. state the date each policy was written;
> c. state the date of any lapse, surrender and/or cancellation;
> d. state the reason for the lapse, surrender and/or cancellation.

Allianz' answer first refers the interrogator to the boilerplate objections. Then Allianz objects to the interrogatory as vague, ambiguous, overly broad and unduly burdensome. Allianz did not, however, give a factual basis for any of the foregoing objections and thus they are waived. The next objection is that the interrogatory seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Alas, no factual basis is given and so those objections too are waived.

Allianz further objects on the ground that this interrogatory relates to information already adjudicated in a prior arbitration or that it seeks information about claims that the interrogator has no standing to assert. Again, without more, those objections are improper.

Finally, Allianz objects to Interrogatory No. 10 "to the extent it seeks information already in the possession of Defendants." If the information is located in documents, then

Allianz may refer the interrogator to specific documents; otherwise, the interrogatory shall be answered within ten (10) days of entry of this order.

Because Allianz has objected to each and every interrogatory and then supplied an answer thereto, except for Interrogatory Nos. 9 and 10, it is impossible for the court to determine if information is being withheld subject to a valid objection as defined above. Allianz is therefore ordered to review all of its answers to the interrogatories, including its "supplemental" responses, and advise the court by way of a filed affidavit within ten (10) days of entry of this Order, whether it has answered each of the other interrogatories fully with the information it has to date, or whether some information is being withheld due to an objection. If the latter is the case, Allianz shall (1) identify the interrogatory and (2) state what the objection was at the time it served its response. Allianz is further reminded of its continuing duty to supplement its responses as information becomes available.

IT IS THEREFORE ORDERED that Allianz shall, within ten (10) days of entry of this Order: (1) answer Interrogatory Nos. 9 and 10; and (2) file an affidavit stating whether it has responded fully to all of the interrogatories or whether it is withholding information subject to an objection and, if so, what the objection is.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge