IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA, a Minnesota Corporation,

    Plaintiff/Counterdefendant,

v.                                                                                                      Civ. No. 05-256 JCH/RLP

STEPHEN T. "BUD" RICHARDS, *et al.,*

    Defendants/Counterclaimants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the court on Motion of Non-Party Movant Steve Ramirez to Quash Amended Notice of Deposition Duces Tecum of Steve Ramirez, or For Protective Order, Pursuant to Rule 45 ("Ramirez' Motion"). Non-party Steve Ramirez is a reporter for the *Las Cruces Sun-News*, a daily newspaper published in Las Cruces, New Mexico. Plaintiff Allianz served him with a subpoena duces tecum requesting (1) all documents pertaining to a September 5, 2004 article entitled "Insurance Company has Some Worried;"

(2) all documents pertaining to a September 6, 2004 article entitled "Complaints Allege Company Neglects Policyholders;" (3) all documents received by Ramirez from 2000 to the present which refer to Allianz or Fidelity Union Life Insurance Company; (4) all documents pertaining to the September 3, 2004 meeting referred to in the aforementioned news articles in (1) & (2) above; (5) all documents referring to any of the three defendants/counterclaimants herein; and (6) all documents referring to or identifying the "four spokespersons" for Allianz who were referred to in the aforementioned articles and

allegedly contacted by Ramirez or someone from the *Las Cruces Sun-News*.

Ramirez seeks protection from the subpoena, claiming the federal "reporter's privilege," pursuant to Fed.R.Evid. 501 and *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977) and N.M.Evid. Rule 11-514.  Allianz argues that state law has no applicability to this case and that because Ramirez's sources are not confidential, *Silkwood* likewise does not apply.

The First Amended Complaint alleges that the court has jurisdiction by virtue of 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity); 18 U.S.C. §§ 1964-65 (RICO); 15 U.S.C. § 1121(a) (Lanham Act); and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).  The state causes of action are defamation; the Minnesota Deceptive Trade Practices Act; and the New Mexico Racketeering Act.  Of the foregoing causes of action, deception, disparagement, false statements and the like are elements of the Lanham Act, the tort of defamation, and the Minnesota Trade Practices Act.

In *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355 (10th Cir. 1997) the court stated that when both federal claims and pendent state law claims are implicated, the court "should consider both bodies of the law under *Motley* [*v. Marathon Oil Co.*, 71 F.3d 1547 (10th Cir. 1995)] and Fed.R.Evid. 501."  129 F.3d at 1369.  The court held that when one body of law conflicted with the other, "then an analytical solution must be worked out to accommodate the conflicting policies embodied in the state and federal privilege law."  *Id*. The court then cited to, *inter alia*, *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir.

2

1987) "where federal RICO claim was asserted along with pendent state law claims and a diversity claim, it was held that federal law of privilege controlled question of journalist's privilege . . . ." *Id.* at 1369, n.7.  Based on the *Sprague* holding, the court finds that the so-called federal reporter's privilege should be applied.[1]

In *Re/Max Internat'l, Inc. v. Century 21 Real Estate Corp.*, 846 F. Supp. 910 (D. Colo. 1994), the court held that the balancing test announced in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977) were applicable to non-confidential sources.  846 F. Supp. at 911-12.  The *Silkwood* criteria are whether (1) the party seeking information has independently attempted to obtain the information elsewhere and has been unsuccessful; and (2) whether the information goes to the heart of the matter and is relevant.  563 F.2d at 438; *Re/Max*, 846 F. Supp. at 911.

In this case, Ramirez makes the point that Allianz has not attempted to depose any of the individuals present at the public meetings which were the subject of the news articles in question. The court finds that Allianz has therefore failed to make the necessary showing that it has attempted to obtain the requested information from a non-privileged source.  The court therefore does not address whether the information sought is centrally relevant or whether the subpoena duces tecum is otherwise reasonable under the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT the Motion of Non-Party Movant Steve

---

[1] The court notes Judge Posner's analysis that courts "rather surprisingly" even recognize a federal reporter's privilege and that those who find one where nonconfidential sources are at issue are "skating on thin ice." *McKevitt v. Pallasch*, 339 F.3d 530, 532-33 (7th Cir. 2003).  Nevertheless, that does not appear to be the law in this circuit.

Ramirez to Quash Amended Notice of Deposition Duces Tecum of Steve Ramirez, or For Protective Order, Pursuant to Rule 45 (Doc. 130) is granted; and

IT IS FURTHER ORDERED that the Amended Notice of Deposition Duces Tecum of Steve Ramirez is hereby quashed.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge